(Superior Court of Cincinnati.)

Special Term, September, 1900.

DAVID G. EDWARDS, Administrator, v. JOHN C. DALLER.

A cause of action growing out of undue influence over a weak mind does not accrue until after the removal of the baleful influence.

Heard on demurrer to petition on two grounds, that more than four years have elapsed since cause of action arose. and that the facts do not constitute a cause of action.

DEMPSEY, J.

As to the first ground, without passing upon the question whether the four years' limit applies, it is sufficient to say that undue influence exercised over a weak and incapable mind is the charge made, which influence was continued during the lifetime of Mrs. Oskamp.

A cause of action, under such circumstances, it seems to me would not accrue until the cessation or removal of the baleful influence, which in this case was not accomplished until death intervened; or to assimilate it to the topic "fraud" provided for in the statute, and consider it a species of fraud, and the statute would not run until discovery made, and the discovery made in this case was not until after the influence ceased, i. e., by death.

That the facts are sufficient to warrant the interference of equity our precedents justify (see, 1 Ohio St., 54; 13 Ohio St., 49; 2 C. C., 498.)

Demurrer overruled.

Harlan Cleveland, for demurrer.

Chas. W. Baker, contra.

[Mem.] Since writing the foregoing opinion, an examination of the books confirms the court's judgment as to the time when the statute begins to run: "Time does not begin to run so as to bar the remedy * * * in cases where the transaction has taken place under pressure or the exercise of undue influence until the aggrieved party is emancipated from the dominion under which he stood at the date of the transaction. * * * The objection of time is removed so long as the dominion or undue influence which vitiated the transaction is in full force." Kerr on Fraud, 311 and cases; Oldham v. Oldham, 5 John q. Case, N. C., 89 92; Lowland v. De-Faria. 17 Vesey, 25; Sharp v. Leach, 31 Beavan. 491, 502.]

(See further decision in same case, post, p. 73.)